UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID TOMS,

    Plaintiff,

v.                                 Case No: 8:21-cv-736-KKM-JSS

STATE FARM LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

    THIS MATTER is before the Court on Plaintiff's Unopposed Motion to File Under Seal ("Motion"). (Dkt. 58.) Upon consideration, the Motion is granted.

    Plaintiff moves the Court for leave to file under seal certain documents in support of Plaintiff's Motion for Class Certification. (Dkt. 58.) The documents proposed for seal include life insurance policies, policy applications, and annual policy statements. According to Plaintiff, these documents contain personally identifying and confidential health information. Plaintiff further states that it will file public versions of the documents with redactions, such that the public will have access to the non-confidential information in these documents. (*Id.* at 1–2.) Defendant does not oppose the requested relief. (Dkt. 58 at 4.)

    Under Local Rule 1.11(c), a party seeking to file any paper or other matter under seal if not authorized by a statute, rule, or order must: (1) must include in the title

"Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.  No order sealing any item shall extend beyond ninety days after a case is closed and all appeals exhausted.  M.D. Fla. Local R. 1.11(f).

Although a district court has "supervisory power over its own records and files," that power must be used responsibly to balance the public's right of access with interests favoring confidentiality.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1987).  "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," which includes the right to inspect and copy public records and documents.  *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).  However, "[t]his right of access is not absolute" and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential.  *Id.* at 1245–46.  In particular, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."  *Id.* at 1246.

Upon consideration, the Court finds that Plaintiff has met the requirements of Local Rule 1.11 and has shown good cause as to why the identified documents should be filed under seal and in redacted form. Specifically, the items to be sealed are described in Plaintiff's Motion (Dkt. 58), and Plaintiff has adequately explained why the documents must be filed under seal and redacted, as they contain personally identifying and confidential health information. As such, the Court finds good cause to permit Plaintiff to file the identified documents under seal and to publicly file redacted versions.

Plaintiff requests that the publicly filed and redacted documents remain permanently redacted. This request is granted. The seal shall otherwise last for ninety days after the case is closed and all appeals are exhausted. M.D. Fla. Local R. 1.11(f) ("No seal under this rule extends beyond ninety days after a case is closed and all appeals exhausted."). Plaintiff may file a motion, if warranted, seeking additional and further relief regarding the expiration of the seal in accordance with Local Rule 1.11.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Leave to File Under Seal (Dkt. 58) is **GRANTED**. In support of his Motion for Class Certification, Plaintiff is permitted to file, and the Clerk is directed to accept under seal, the documents identified in the Motion. Plaintiff is further permitted to publicly file redacted versions of the documents, which shall remain permanently redacted.

- 4 -

2. The sealed documents shall remain under seal for 90 days after the case is closed and all appeals are exhausted.

**DONE** and **ORDERED** in Tampa, Florida, on January 27, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record