UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID TOMS,

    Plaintiff,

v.                                                        Case No: 8:21-cv-736-KKM-JSS

STATE FARM LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

Defendant State Farm Life Insurance Company moves for leave to serve a subpoena on John Hancock Life Insurance Company (U.S.A.) (John Hancock) with a return date beyond the close of fact discovery. (Motion, Dkt. 101.)[1] Fact discovery in this matter closed on June 1, 2022. (Dkt. 40.) The court held a hearing on the Motion on July 8, 2022. Upon consideration, Defendant's Motion is granted in part.

Courts enjoy broad discretion in deciding how to best manage the cases before them. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, a court may, for good cause, extend the time concerning when an act must be done within a specific time if the request is made before the original time or its

---

[1] On June 9, 2022, Defendant withdrew that part of its Motion seeking an order compelling Plaintiff to produce Plaintiff's John Hancock life insurance policy. (Dkt. 102.) As such, the court does not consider that part of the Motion.

extension expires. Fed. R. Civ. P. 6(b)(1)(A). Here, Defendant's Motion was timely-filed and the court finds good cause to allow the subpoena to issue.

Defendant seeks to subpoena documents related to Plaintiff's life insurance policy with John Hancock. These documents are relevant and proportional to the needs of the case. *See McArdle v. City of Ocala, FL*, 451 F. Supp. 3d 1304, 1308 (M.D. Fla. 2020) ("Relevancy and proportionality are the guiding principles: 'Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'") (quoting Fed. R. Civ. P. 26(b)(1)); *Gonzalez v. GEICO Gen. Ins. Co.*, No. 8:15-cv-240-T-30TBM, 2016 WL 7734076, at * 2 (M.D. Fla. Apr. 15, 2016) ("Although the federal rules generally allow for liberal discovery in civil matters, such is not unbounded. The Court must consider proportionality to the needs of the case."). Specifically, the court finds that the documents sought in Defendant's limited request to John Hancock are proportional to the needs of the case and are relevant to Defendant's affirmative defenses related to the applicable statutes of limitations and Plaintiff's claims of fraudulent concealment. (Dkt. 21.) *See, e.g.*, *Miller v. Env't Turnkey Sols.*, LLC, No. 2:15-cv-732-FTM-29CM, 2016 WL 7440834, at *2 (M.D. Fla. Dec. 27, 2016) (granting motion to compel where "requested documents are relevant to Defendant's affirmative defenses, and proportional to the needs of the case").

Accordingly, it is **ORDERED** that Defendant's Motion to Compel and for Leave to Serve a Subpoena is **GRANTED** in part, and Defendant is granted leave to serve the subpoena. Notwithstanding, nothing in this order shall be construed to

permit the parties to re-open discovery or otherwise modify any deadlines set by the court.

**ORDERED** in Tampa, Florida, on July 12, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record