UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID TOMS,

    Plaintiff,

v.                                                            Case No: 8:21-cv-736-KKM-JSS

STATE FARM LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**

    Plaintiff moves the court to extend the sealing of unredacted documents filed in support of his Motion for Class Certification (Dkt. 58) for one year. (Motion, Dkt. 142). Defendant does not oppose the Motion. (*Id.*) For the following reasons, Plaintiff's Motion is granted in part.

    On January 27, 2022, the court granted Plaintiff's unopposed motion to file under seal unredacted versions of his life insurance policies, policy applications, and annual policy statements. (Dkt. 59.) In its order, the court directed that the documents shall remain under seal for 90 days after the case is closed and all appeals are exhausted in accordance with Middle District of Florida Local Rule 1.11(f), but permitted Plaintiff to seek additional and further relief regarding the expiration of the seal in accordance with Local Rule 1.11. (*Id.*)

On November 22, 2022, the parties filed a notice of settlement and joint motion for a continued stay pending the approval of a nationwide class action settlement in the Western District of Missouri, which would encompass the claims filed in this court. (Dkt. 140.)  Based on the parties' representations, the court dismissed this matter without prejudice on November 28, 2022 and closed the case. (Dkt. 141.)  The court further directed the parties to submit a stipulated judgment or move to reopen the action no later than May 1, 2023, and "[a]fter that date, dismissal shall be with prejudice." (*Id.*) (emphasis removed).  In light of the court's order closing the case, the seal granted by the court will expire on February 26, 2023. *See* (Dkt. 59; Dkt. 142 at 2.)  In the Motion, Plaintiff seeks an order extending the court-ordered seal for one year. (Dkt. 142.)

Upon consideration of Plaintiff's Motion, the court continues to find good cause to seal the requested documents as explained in its prior order. *See* (Dkt. 59.)  However, the court does not find good cause to extend the seal for one year. *See Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1168 (11th Cir. 2019) ("[T]he common-law right of access standard as it applies to particular documents requires the court to balance competing interests of the parties . . . in light of the relevant facts and circumstances of the particular case[.]") (citations and quotation marks omitted).  Here, the court has ordered dismissal of this action to be with prejudice, absent a motion by the parties, after May 1, 2023. (Dkt. 141.)  Thus, the unredacted documents shall remain under seal for 90 days after this action has been dismissed with prejudice pursuant to the court's November 28, 2022 order (Dkt.

141) or another order of the court. At that time, Plaintiff may move the court to release the documents so that further sealing will not be required. *See* (Dkt. 142 at 2–3.)

Accordingly:

1. Plaintiff's Unopposed Motion to Continue Seal (Dkt. 142) is **GRANTED in part**.

2. The unredacted documents identified in Plaintiff's Motion and filed under seal pursuant to the court's prior order (Dkt. 59) shall remain under seal for 90 days after this action has been dismissed with prejudice by order of the court. *See* (Dkt. 141.)

**ORDERED** in Tampa, Florida, on February 16, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record